WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore  (JCS-6031)

Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone:  (305) 371-2700
Facsimile:  (305) 358-5744
John K. Cunningham (JC-4661)

SPECIAL COUNSEL TO THE BANK OF NEW YORK, AS INDENTURE TRUSTEE FOR THE SENIOR SECURED NOTES

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SOLUTIA INC., et al., | Case No. 03-17949 (PCB) |
| Debtors. | Jointly Administered |

**STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL FROM (I) MEMORANDUM DECISION OF THE BANKRUPTCY COURT ON NOVEMBER 9, 2007 [DOCKET NO. 4307] AS MODIFIED, AND (II) ORDER ENTERED BY THE BANKRUPTCY COURT ON NOVEMBER 26, 2007 [DOCKET NO. 4393]**

The Bank of New York, as Indenture Trustee for the 11.25% Senior Secured Notes due 2009 issued by Solutia Inc. ("Solutia," and together with its affiliated debtors and debtors-in-possession, the "Debtors") and/or its predecessor, by and through its undersigned attorneys, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits its statement of the issues to be presented and designates the record on appeal to the United States District Court for the Southern District of New York with respect to the (i) Memorandum Decision on Joint Motion for Partial Summary Judgment With Respect to Claim No. 6210 (11.25% Senior

Secured Notes) issued by the United States Bankruptcy Court for the Southern District of New York (Judge Prudence Carter Beatty) on November 9, 2007 [Docket No. 4307], as modified by the errata order entered by the United States Bankruptcy Court for the Southern District of New York (Judge Prudence Carter Beatty) on November 21, 2007 [Docket No. 4356] and (ii) the Final Order Granting Partial Summary Judgment in Favor of the Debtors and Creditors' Committee Regarding the Debtors' Objection to Claim No. 6210 Filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders entered by the United States Bankruptcy Court for the Southern District of New York (Judge Prudence Carter Beatty) on November 26, 2007 [Docket No. 4393].

## Issues to be Presented on Appeal

1. Did the bankruptcy court err in determining that no genuine issues of material fact existed that precluded summary judgment as a matter of law?

2. Did the bankruptcy court err in granting partial summary judgment in favor of the Debtors and the official committee of unsecured creditors and denying partial summary judgment in favor of the Senior Secured Notes Trustee?

3. Was the bankruptcy court's determination that the Debtors detrimentally relied on the acceleration of the Senior Secured Notes clearly erroneous given that the Senior Secured Notes Trustee was precluded from taking discovery on the issue or from presenting evidence at a hearing on such issue?

4. Did the bankruptcy court's finding that the Debtors detrimentally relied on the acceleration of the Senior Secured Notes constitute a disputed issue of material fact that precluded summary judgment as a matter of law?

5. Did the bankruptcy err as a matter of law and/or fact in finding that the Debtors detrimentally relied upon the acceleration of the Senior Secured Notes prior to delivery of the Waiver Notice, notwithstanding Section 6.03 of the Indenture?

2

6.  Did the bankruptcy court err in determining that the Debtors detrimentally relied upon the acceleration of the Senior Secured Notes notwithstanding that the Debtors failed to allege detrimental reliance, and detrimental reliance was a disputed issue of material fact that precludes summary judgment as a matter of law?

7.  Was the bankruptcy court's finding that the Debtors detrimentally relied on the acceleration of the Senior Secured Notes clearly erroneous given that the Debtors represented on the record that the Debtors would pay the Senior Secured Notes Trustee's claim in full and the Debtors had not, at all relevant times, secured exit financing based in any way upon the acceleration of the Senior Secured Notes?

8.  Did the bankruptcy court err in finding that the Debtors detrimentally relied on the acceleration of the Senior Secured Notes despite the fact that the Debtors' plan of reorganization (the "Plan") provided that the Senior Secured Notes Trustee's claim was unimpaired, which required, as a matter of law, that the Senior Secured Notes be reinstated?

9.  Did the bankruptcy court err in concluding that under New York law the Senior Secured Notes accelerated, and thus, the holders of the Senior Secured Notes waived any entitlement to OID amortizing, and contract interest accruing, through the stated maturity date of the Senior Secured Notes?

10. Did the bankruptcy court err in concluding that the acceleration of the Senior Secured Notes was not voluntary?

11. Did the bankruptcy court err in recharacterizing a portion of the principal of the Senior Secured Notes as original issue discount ("OID") and "unmatured interest" subject to disallowance under section 502(b)(2) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code")?

3

12. Did the bankruptcy court err in concluding that OID that would have accrued subsequent to the effective date of the Debtors' Plan is not allowed under section 506(b) of the Bankruptcy Code?

13. Did the bankruptcy court err in concluding that contract interest that would have accrued subsequent to the effective date of the Debtors' Plan is not allowed under section 506(b) of the Bankruptcy Code?

14. Did the bankruptcy court err in concluding that, pursuant to section 502(b)(2) of the Bankruptcy Code, the allowed amount of the Senior Secured Notes Trustee's claim includes only (a) the original issued amount of the Senior Secured Notes and (b) OID that accrued/accreted through the date of the filing of the Debtors' petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date")?

15. Did the bankruptcy court err in concluding that the notice of deceleration given by holders of a majority in amount of the Senior Secured Notes on May 7, 2007 (the "Waiver Notice"), was ineffective in waiving, rescinding or annulling the acceleration of the maturity of the Senior Secured Notes occasioned by the Debtors' bankruptcy filing, notwithstanding Section 6.03 and 6.04 of the Indenture?[1]

16. Did the bankruptcy court err in concluding that delivery of the Waiver Notice violated the automatic stay under section 362 of the Bankruptcy Code?

17. Did the bankruptcy court err in concluding that the Senior Secured Notes Trustee made an untimely oral motion to lift the automatic stay and that no grounds exist to lift the automatic stay to permit the Waiver Notice to be delivered?

---

[1] "Indenture" as used herein means the indenture executed by and between SOI Funding Corp., a Delaware corporation and a special purpose entity, as issuer and predecessor to Solutia, and HSBC Bank USA, as indenture trustee, on July 9, 2002, and amended from time to time thereafter, pursuant to which Solutia and/or its predecessor issued the Senior Secured Notes and warrants to purchase Solutia common stock.

4

18. Did the bankruptcy court err in failing to find that the proposed treatment of the Senior Secured Notes under the Plan constitutes:

    a. a defeasance of the Senior Secured Notes pursuant to Article IX of the Indenture, thereby entitling such holders to a breach of contract damage claim;

    b. a breach of Section 4.01 of the Indenture as a result of the Debtors' payment of the Senior Secured Notes under the Plan prior to July 15, 2009, thereby entitling such holders to a breach of contract damage claim; or

    c. a Change of Control (as defined in the Indenture), thereby entitling the holders of the Senior Secured Notes to a Change of Control Payment (as defined in the Indenture) notwithstanding the fact that a Change of Control (as defined in the Indenture) occurs prior to payment of the Senior Secured Notes Trustee's claim on the effective date of the Plan?

19. Did the bankruptcy court err by ignoring section 506 of the Bankruptcy Code and overlooking binding authority in finding that a secured lender's claim is determined as of the petition date?

20. Did the bankruptcy court err by overlooking the definition of "Claim" in section 101(5) of the Bankruptcy Code in deciding to disallow any claims of the Senior Secured Notes Trustee or the holders of the Senior Secured Notes arising out of delivery of the Waiver Notice or notices to accept the Change of Control Payment (by surrendering their Senior Secured Notes as provided in the Indenture) as provided in Section 4.08 of the Indenture?

**Designation of Items to Be Included in the Record on Appeal**[2]

1. Warrant Agreement between Solutia Inc. and HSBC Bank USA, dated July 9, 2002

2. Quarterly Report (Form 10-Q) filed with the Securities and Exchange Commission by Solutia Inc. on August 1, 2002

---

[2] Each designated item includes any exhibits to such item. Each reference to "Docket No. ___" includes all documents within that Docket number.

3. Form S-4 Registration Statement under the Securities Act of 1933 filed with the Securities and Exchange Commission by Solutia Inc. in connection with the Senior Secured Notes on or about September 17, 2002

4. Amendment No. 1 to Form S-4 Registration Statement under the Securities Act of 1933 filed with the Securities and Exchange Commission by Solutia Inc. in connection with the Senior Secured Notes on or about October 17, 2002

5. Quarterly Report (Form 10-Q) filed with the Securities and Exchange Commission by Solutia Inc. on November 14, 2002

6. Order signed on 12/18/2003 Directing Joint Administration of Related Chapter 11 Cases, dated December 18, 2003 [Docket No. 36]

7. Agreement by which the Bank of New York replaced HSBC Bank USA as the Senior Secured Notes Trustee, dated January 16, 2004

8. Final Order (I) Approving Use of Cash Collateral, (II) Authorizing Debtors to Incur Post-petition Secured Indebtedness and (III) Granting Security Interests and Superpriority Claims Pursuant to Sections 105(a), 361, 363, 364(c), 364(d) and 364(e) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014, dated January 16, 2004 [Docket No. 278]

9. Solutia Business Enterprises Inc.'s Schedules of Assets and Liabilities (Case No. 03-17948), dated March 2, 2004 [Docket No. 498]

10. Solutia Systems, Inc.'s Schedules of Assets and Liabilities (Case No. 03-17950), dated March 2, 2004 [Docket No. 504]

11. Monchem International, Inc.'s Schedules of Assets and Liabilities (Case No. 03-17954), dated March 2, 2004 [Docket No. 511]

12. Solutia Investments, LLC's Schedules of Assets and Liabilities (Case No. 03-17956), dated March 2, 2004 [Docket No. 514]

       13.      Monchem, Inc.'s Schedules of Assets and Liabilities (Case No. 03-17958), dated March 2, 2004 [Docket No. 518]

       14.      CPFilms Inc.'s Schedules of Assets and Liabilities (Case No. 03-17952), dated March 2, 2004 [Docket No. 528]

       15.      CPFilms Inc.'s Amended Schedules A, B, D, F and G, dated September 22, 2004 [Docket No. 1428]

       16.      Monchem, Inc.'s Amended Schedule F, dated September 22, 2004 [Docket No. 1430]

       17.      Monchem International, Inc.'s Amended Schedules B and F, dated September 22, 2004 [Docket No. 1432]

       18.      Solutia Investments, LLC's Amended Schedule F, dated September 22, 2004 [Docket No. 1437]

       19.      Solutia Systems, Inc.'s Amended Schedules D and F, dated September 22, 2004 [Docket No. 1441]

       20.      Order Setting a Final Date to File Proofs of Claim and Approving Related Notice Procedures signed on September 30, 2004, filed October 1, 2004 [Docket No. 1475]

       21.      Debtors' Joint Plan of Reorganization, dated February 14, 2006 [Docket No. 2855]

       22.      Debtors' Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated February 14, 2006 [Docket No. 2856]

       23.      Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to the Debtors' Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated May 22, 2006 [Docket No. 3136]

24. Debtors' First Amended Joint Plan of Reorganization, dated May 16, 2007 [Docket No. 3830]

25. Debtors' First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated May 16, 2007 [Docket No. 3831]

26. Debtors' Objection to Claim No. 6210 filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated June 22, 2007 [Docket No. 3938]

27. Memorandum of Law in Support of Debtors' Objection to Claim No. 6210 filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated June 22, 2007 [Docket No. 3939]

28. Declaration of James M. Sullivan in Support of Solutia's Objection to Claim No. 6210 Filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated
June 22, 2007 [Docket No. 3940]

29. Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Establishing a Record Date for Voting on the Plan of Reorganization; (III) Approving Solicitation Packages and Procedures for Distribution Thereof; (IV) Approving the Procedures for the Rights Offering; (V) Approving the Form of Ballots; (VI) Establishing Procedures for Voting on the Plan; and (VII) Establishing Notice and Objection Procedures for Confirmation of the Plan, dated May 25, 2007 [Docket No. 3853]

30. Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to the Debtors' First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated June 29, 2007 [Docket No. 3971]

31. Debtors' Second Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated July 9, 2007 [Docket No. 4014]

32. Debtors' Second Amended Joint Plan of Reorganization, dated July 9, 2007 [Docket No. 4015]

33. Solutia's Reply to Objections to Solutia's First Amended Disclosure Statement, dated July 9, 2007 [Docket No. 4016]

34. Joinder of the Official Committee of Unsecured Creditors to Solutia's Reply to Objections to Solutia's First Amended Disclosure Statement, dated July 9, 2007 [Docket No. 4017]

35. Exhibits to Second Amended Disclosure Statement, dated July 9, 2007 [Docket No. 4018]

36. Supplemental Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to, and Emergency Motion to Continue Hearing on, the Debtors' First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated July 9, 2007 [Docket No. 4019]

37. Declaration of John K. Cunningham in Support of Supplemental Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to, and Emergency Motion to Continue Hearing on, the Debtors' First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated July 9, 2007 [Docket No. 4020]

38. Initial Statement of the Official Committee of Unsecured Creditors in Support of Debtors' Objection to Claim No. 6210 Filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated July 25, 2007 [Docket No. 4074]

39. Preliminary Response of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to the Debtors' Objection to Claim No. 6210, dated July 25, 2007 [Docket No. 4075]

9

40. Memorandum of Law in Support of the Preliminary Response of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to the Debtors' Objection to Claim No. 6210, dated July 25, 2007 [Docket No. 4076]

41. Declaration of John K. Cunningham in Support of Preliminary Response of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to Debtors' Objection to Claim No. 6210, dated July 25, 2007 [Docket No. 4077]

42. Transcript of Hearing Held on 07/17/2007, filed July 23, 2007 [Docket No. 4115]

43. Solutia Inc.'s Statement with Respect to Scheduling Issues Regarding the Objection to the 2009 Proof of Claim, dated July 25, 2007 [Docket No. 4078]

44. Transcript of Hearing Held on 08/01/2007, filed August 6, 2007 [Docket No. 4125]

45. Notice of Hearing on and Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, dated September 21, 2007 [Docket No. 4206]

46. Memorandum of Law in Support of Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, dated September 21, 2007 [Docket No. 4207]

47. Statement of Undisputed Facts in Support of Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, dated September 21, 2007 [Docket No. 4208]

MIAMI 757700 (2K)

48. Notice of Joint Motion for Partial Summary Judgment, dated September 21, 2007, signed by the Debtors and the Official Committee of Unsecured Creditors [Docket No. 4209]

49. Declaration of J. Christopher Shore in Support of Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, dated September 21, 2007 [Docket No. 4210]

50. Memorandum of Law in Support of the Joint Motion for Partial Summary Judgment Sustaining the Debtors' Objection to Claim No. 6210 Filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated September 21, 2007 [Docket No. 4211]

51. The Official Committee of Unsecured Creditors' Objection to the Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment, dated October 10, 2007 [Docket No. 4229]

52. Solutia's Opposition Brief to the Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, dated October 10, 2007 [Docket No. 4230]

53. Memorandum of Law of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, in Response to the Joint Motion for Partial Summary Judgment Sustaining the Debtors' Objection to Claim No. 6210 filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated October 10, 2007 [Docket No. 4232]

54. The Bank of New York's Response to the Facts Set Forth by the Debtors and Creditors' Committee in Support of Their Joint Motion for Partial Summary Judgment Sustaining the Debtors' Objection to Claim No. 6210 filed by The Bank of New York as Indenture Trustee for the 2009 Notes, dated October 10, 2007 [Docket No. 4233]

55. Supplemental Declaration of J. Christopher Shore in Support of Memorandum of Law of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, in Response to the Joint Motion for Partial Summary Judgment Sustaining the Debtors' Objection to Claim No. 6210 filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders and Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Partial Summary Judgment Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, dated October 10, 2007 [Docket No. 4235]

56. So Ordered Stipulation and Agreed Scheduling Order, signed by Judge Beatty on October 10, 2007 [Docket No. 4236]

57. Debtors' Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 15, 2007 [Docket No. 4241]

58. Exhibits A-H to the Fifth Amended Disclosure Statement, dated October 15, 2007 [Docket No. 4242]

59. Debtors' Fifth Amended Joint Plan of Reorganization, dated October 15, 2007 [Docket No. 4243]

60. Debtors' Proposed Disclosure Statement Order with Exhibits A-K, dated October 15, 2007 [Docket No. 4244]

61. Exhibits A-P to the Fifth Amended Plan of Reorganization, dated October 15, 2007 [Docket No. 4245]

62. Exhibit P to Debtors' Fifth Amended Plan of Reorganization (Executed Version), dated October 18, 2007 [Docket No. 4249]

63. Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to the Debtors' Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 18, 2007 [Docket No. 4250]

MIAMI 757700 (2K)

64. Order (I) Approving the Disclosure Statement; (II) Establishing a Record Date for Voting on the Plan of Reorganization; (III) Approving Solicitation Procedures; (IV) Approving Rights Offering Procedures; (V) Approving the Forms of Ballots and Manner of Notice; and (VI) Establishing Notice and Objection Procedures for the Confirmation of the Plan, dated October 19, 2007 [Docket No. 4252]

65. Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code dated October 19, 2007, filed October 19, 2007 [Docket No. 4254]

66. Exhibits A-H to Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Dated October 19, 2007, filed October 19, 2007 [Docket No. 4255]

67. Solutia's Fifth Amended Joint Plan of Reorganization, filed October 19, 2007 [Docket No. 4256]

68. Exhibits A-P to Solutia's Fifth Amended Joint Plan of Reorganization Dated October 19, 2007, filed November 22, 2007 [Docket No. 4257]

69. Transcript of Hearing Held on 10/19/2007, filed October 23, 2007 [Docket No. 4259]

70. Transcript of Hearing Held on 07/10/2007, filed July 16, 2007 [Docket No. 4274]

71. Transcript of Hearing Held on 07/26/2007, filed August 2, 2007 [Docket No. 4275]

72. Debtors' Fifty First Omnibus Objections to Claims, filed October 30, 2007 [Docket No. 4281]

MIAMI 757700 (2K)

73. Transcript of Hearing Held on 10/31/2007, filed November 2, 2007 [Docket No. 4293]

74. Motion for Entry of an Order Under Section 363 of the Bankruptcy Code (A) Approving Solutia's Entry into an Exit Financing Commitment and (B) Authorizing Solutia to Pay Certain Fees and Expenses in Connection Therewith, dated November 6, 2007 [Docket No. 4296]

75. Memorandum of Law in Support of Solutia's Motion for Entry of an Order Under Section 363 of the Bankruptcy Code (A) Approving Solutia's Entry into an Exit Financing Commitment and (B) Authorizing Solutia to Pay Certain Fees and Expenses in Connection Therewith, dated November 6, 2007 [Docket No. 4297]

76. Declaration of James M. Sullivan in Support of Solutia's Motion for Entry of an Order Under Section 363 of the Bankruptcy Code (A) Approving Solutia's Entry into an Exit Financing Commitment and (B) Authorizing Solutia to Pay Certain Fees and Expenses in Connection Therewith, dated November 6, 2007 [Docket No. 4298]

77. Memorandum Decision on Joint Motion for Partial Summary Judgment with Respect to Claim No. 6210 (11.25% Senior Secured Notes), dated November 9, 2007 [Docket No. 4307]

78. First Request of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for the Production of Documents to the Debtors in Connection With Solutia's Fifth Amended Joint Plan of Reorganization, dated November 9, 2007

79. The Bank of New York's Notice of Taking Deposition of Debtors, dated November 9, 2007

80. Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, Pursuant to Federal Rule of Civil Procedure 59(e) and Local Bankruptcy

Rule 9023-1(a) for Reconsideration of Memorandum Decision on Joint Motion for Partial Summary Judgment with Respect to Claim No. 6210 (11.25% Senior Secured Notes), dated November 15, 2007 [Docket No. 4317]

81.     Memorandum of Law in Support of Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, Pursuant to Federal Rule of Civil Procedure 59(e) and Local Bankruptcy Rule 9023-1(a) for Reconsideration of Memorandum Decision on Joint Motion for Partial Summary Judgment with Respect to Claim No. 6210 (11.25% Senior Secured Notes), dated November 15, 2007 [Docket No. 4318]

82.     Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Entry of an Order Granting Relief from the Automatic Stay, dated November 15, 2007 [Docket No. 4319]

83.     Proposed Order Granting Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Entry of an Order Granting Relief from the Automatic Stay, dated November 15, 2007 [Docket No. 4320]

84.     Memorandum of Law in Support of the Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Entry of an Order Granting Relief from the Automatic Stay, dated November 15, 2007 [Docket No. 4321]

85.     Joint Objection of the Debtors and the Official Committee of Unsecured Creditors to the Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Entry of an Order Granting Relief from the Automatic Stay, dated November 19, 2007 [Docket No. 4341]

86.     Joint Opposition Brief of Solutia and the Official Committee of Unsecured Creditors to the Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Reconsideration, dated November 19, 2007 [Docket No. 4342]

87. Plan Supplement to Debtors' Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated November 19, 2007 [Docket No. 4347]

88. Order Under Section 363 of the Bankruptcy Code (A) Approving Solutia's Entry into an Exit Financing Commitment and (B) Authorizing Solutia to Pay Certain Fees and Expenses in Connection Therewith, dated November 21, 2007 [Docket No. 4352]

89. Errata Order Regarding Memorandum Decision on Joint Motion for Partial Summary Judgment with Respect to Claim No. 6210 (11.25% Senior Secured Notes), dated November 21, 2007 [Docket No. 4356]

90. Memorandum of Law in Support of Debtors' Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated October 19, 2007, filed November 21, 2007 [Docket No. 4357]

91. Debtors' Supplemental Memorandum of Law in Support of the Global Settlement, dated November 21, 2007 [Docket No. 4358]

92. Declaration of Jeffry N. Quinn in Support of the Global Settlement, dated November 21, 2007 [Docket No. 4359]

93. Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to Solutia's Fifth Amended Joint Plan of Reorganization and Memorandum of Law in Support Thereof, dated November 21, 2007 [Docket No. 4365]

94. Declaration of Timothy P. O'Connor in Support of Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to Solutia's Fifth Amended Joint Plan of Reorganization, dated November 21, 2007 [Docket No. 4366]

95. Notice of Presentment of Stipulation and Order Allowing the Claims of Ableco Finance LLC, dated November 26, 2007 [Docket No. 4389]

96. Order Denying Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, for Entry of an Order Granting Relief from the Automatic Stay, dated November 26, 2007 [Docket No. 4392]

97. Final Order Granting Partial Summary Judgment in Favor of the Debtors and Creditors' Committee Regarding the Debtors' Objection to Claim No. 6210 filed by The Bank of New York as Indenture Trustee for the 2009 Noteholders, dated November 26, 2007 [Docket No. 4393]

98. Order Re Emergency Motion of The Bank of New York, as Indenture Trustee for the Senior Secured Notes Pursuant to Federal Rule of Civil Procedure 59(e) and Local Bankruptcy Rule 9023-1(a) for Reconsideration of Memorandum Decision on Joint Motion for Partial Summary Judgment with Respect to Claim No. 6210 (11.25% Senior Secured Notes), dated November 26, 2007 [Docket No. 4394]

99. Motion of the Official Committee of Unsecured Creditors for Application of Certain Post-Petition Payments Made to the 2009 Indenture Trustee on Behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated November 27, 2007 [Docket No. 4403]

100. Memorandum of Law in Support of Motion of the Official Committee of Unsecured Creditors for Application of Certain Post-Petition Payments Made to the 2009 Indenture Trustee on Behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated November 27, 2007 [Docket No. 4405]

101. Solutia's Response to the Objection of The Bank of New York as Indenture Trustee for the 2009 Notes to Solutia's Fifth Amended Joint Plan of Reorganization, dated November 28, 2007 [Docket No. 4411]

MIAMI 757700 (2K)

102. Certification of Jane Sullivan with Respect to the Tabulation of Votes on the Debtors' Fifth Amended Joint Plan, dated November 28, 2007 [Docket No. 4419]

103. Statement of the Official Committee of Unsecured Creditors of Solutia Inc. et al., in Support of Confirmation of the Debtors' Fifth Amended Joint Plan of Reorganization and Joinder to Solutia's Response to the Objection of The Bank of New York as Indenture Trustee for the 2009 Notes, dated November 28, 2007 [Docket No. 4423]

104. Notice of Appeal, dated November 28, 2007 [Docket No. 4431]

105. Notice of Appeal, dated November 28, 2007 [Docket No. 4432]

106. Notice of Appeal, dated November 28, 2007 [Docket No. 4433]

107. Joinder of the Official Committee of Equity Security Holders to Solutia's Response to the Objections of The Bank of New York as Indenture Trustee for the 2009 Notes to Solutia's Fifth Amended Joint Plan of Reorganization, dated November 29, 2007 [Docket No. 4434]

108. Order Confirming Solutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code and Approving the Global Settlement, Monsanto Settlement and the Retiree Settlement, dated November 29, 2007 [Docket No. 4444]

109. Transcript of Hearing held on 11/20/2007, filed November 27, 2007 [Docket No. 4445]

110. Amended Notice of Appeal, dated November 30, 2007 [Docket No. 4453]

111. Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to Motion of the Official Committee of Unsecured Creditors for Application of Certain Post-petition Payments Made to the 2009 Indenture Trustee on Behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated December 5, 2007 [Docket No. 4464]

112. Memorandum of Law in Support of Objection of The Bank of New York, as Indenture Trustee for the Senior Secured Notes, to Motion of the Official Committee of Unsecured Creditors for Application of Certain Post-petition Payments Made to the 2009 Indenture Trustee on Behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated December 5, 2007 [Docket No. 4465]

113. Stipulation between The Debtors and The Bank of New York, As Indenture Trustee for the Senior Secured Notes, dated December 6, 2007 [Docket No. 4472]

114. Reply to the Objection of The Bank of New York, As Indenture Trustee for the Senior Secured Notes, to Motion of The Official Committee of Unsecured Creditors for Application of Certain Post-Petition Payments Made to the 2009 Indenture Trustee on behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated December 7, 2007 [Docket No. 4473]

115. Solutia's Joinder to the Motion of the Official Committee of Unsecured Creditors for Application of Certain Post-Petition Payments Made to the 2009 Indenture Trustee on behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated December 7, 2007 [Docket No. 4474]

116. Sur-reply of The Bank of New York, as Indenture Trustee, to Reply to the Objection of The Bank of New York, As Indenture Trustee for the Senior Secured Notes, to Motion of The Official Committee of Unsecured Creditors for Application of Certain Post-Petition Payments Made to the 2009 Indenture Trustee on behalf of the 2009 Noteholders in Reduction of the Principal Amount of the 2009 Noteholders' Claim, dated December 10, 2007 [Docket No. 4478]

117. Transcript of Hearing held on 11/29/2007

MIAMI 757700 (2K)

Dated: December 10, 2007
       Miami, Florida

                                      WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JCS-6031)

Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
(305) 371-2700
John K. Cunningham (JC-4661)

By:  /s/ John K. Cunningham
     John K. Cunningham (JC-4661)

SPECIAL COUNSEL TO THE BANK OF NEW YORK, AS INDENTURE TRUSTEE FOR THE SENIOR SECURED NOTES

MIAMI 757700 (2K)